09-4708-ag
*Wang v. Holder*

BIA
Bukszpan, IJ
A094 783 327

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

————————————————————————————————

DUN LIN WANG,
> *Petitioner*,

v.                                          09-4708-ag

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent*.

————————————————————————————————

FOR PETITIONER:   Gary J. Yerman, New York, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director, Office of Immigration Litigation; Jessica Segall, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dun Lin Wang, a native and citizen of the People's Republic of China, seeks review of an October 20, 2009, order of the BIA dismissing his appeal of the January 4, 2008, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting Wang's application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dun Lin Wang*, No. A094 783 327 (B.I.A. Oct. 20, 2009), *aff'g* No. A094 783 327 (Immig. Ct. N.Y. City Jan. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Where instead, however, the BIA adopts certain aspects of the IJ's decision but declines to adopt others, we review the IJ's decision as modified by the BIA; in other words, we do not consider those aspects of the

2

IJ's decision not adopted by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). Although the IJ pretermitted Wang's asylum application, the BIA assumed, *arguendo*, that Wang qualified for an exception to the one-year filing deadline and we therefore review the BIA's analysis of his asylum claim. The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I.   Asylum and Withholding of Removal

To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). When the applicant's fear of persecution is based on activities undertaken in the United States, he must demonstrate a reasonable possibility that "authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138-39, 143 (2d Cir. 2008).

Substantial evidence supports the agency's conclusion that Wang failed to demonstrate a well-founded fear of future persecution on account of his activities in this country on behalf of the China Democracy Party ("CDP"). The IJ assumed for purposes of her analysis that Wang was a member of the CDP, but found that he failed to establish that Chinese authorities were either aware, or likely to become aware of his activities because: (1) there was no indication that the article Wang wrote for the CDP was ever posted online such that Chinese authorities could access it; (2) Wang was only one of over 200 people who were photographed participating in demonstrations outside the Chinese Consulate; and (3) the evidence Wang offered in support of his claim was deficient. We are not persuaded by Wang's arguments that this analysis was erroneous. To the extent Wang argues that the agency applied a heightened standard, the record reflects that it properly applied the standard set forth in *Hongsheng Leng*, 528 F.3d at 143.

We also find unavailing Wang's argument that because his testimony was deemed credible, he necessarily established a well-founded fear of future persecution without additional corroboration. Although credible testimony alone *may* suffice

4

to sustain an applicant's burden, it does not always. *See Diallo v.* INS, 232 F.3d 279, 286 (2d Cir. 2000); 8 U.S.C. § 1158(b)(1)(B)(ii). Moreover, the IJ did not find that the record lacked corroborative evidence, but rather that the evidence Wang submitted merited little weight. We defer to the IJ's evaluation of Wang's documentary evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).

Finally, we need not consider Wang's unexhausted arguments that the IJ erroneously refused to allow: (1) additional time for Wang to supplement the record; and (2) an additional witness to testify. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Because Wang was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *Cf. Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (observing that where asylum claim fails on adverse credibility grounds, withholding claim based upon same set of facts necessarily fails).

**II. CAT Relief**

Wang argues that he established his eligibility for CAT relief based on his past mistreatment and indications in the

State Department reports that "torture is widespread in Chinese prisons." However, we have found that "generalized language culled from . . . State Department reports" is insufficient to establish that any alien who may be detained upon his return to China is entitled to CAT relief. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005). In light of the agency's findings, and because Wang failed to present specific evidence that someone in his particular alleged circumstances faces a likelihood of torture in China, the agency reasonably denied his request for CAT relief. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6